Lin v. Holder

BIA
Hom, IJ
A099 534 100

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand fourteen.

PRESENT:
      JON O. NEWMAN,
      REENA RAGGI,
      RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

MING QUN LIN,
      *Petitioner,*

            v.                                    11-994
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:         Douglas G. Ingraham, Alhambra, CA.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Leslie McKay,
                        Assistant Director; Christopher
                        Buchanan, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming Qun Lin, a native and citizen of the People's Republic of China, seeks review of a January 13, 2011, decision of the BIA affirming the October 20, 2009 decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Qun Lin*, No. A099 534 100 (B.I.A. Jan. 13, 2011), *aff'g* No. A099 534 100 (Immig. Ct. N.Y. City Oct. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Lin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Id.* at 167. In this case, the agency reasonably based its adverse credibility finding on an omission from Lin's initial asylum application and discrepancies between the two applications.

In the statement submitted with his initial asylum application, Lin stated that in 2005, when watching individuals practice Falun Gong at a secret location, he was detained by public security officials, but was later able to

3

escape. A later statement attached to Lin's amended asylum application included a significant new detail about this incident, stating that the following day, public security officials came to his family home and pressed his family to "hand [him] over for punishment." The later statement also included information about a previously unmentioned incident, indicating that while he was in middle school, Lin had criticized the school for punishing another student who practiced Falun Gong, and that, as a result, Lin was beaten by school officials.

Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), Lin's omission and the inconsistencies between his statements provide substantial evidence supporting the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166, 167. Furthermore, the agency reasonably declined to credit Lin's explanations for the omission and discrepancies as evasive and not plausible. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Finally, the agency's finding that Lin failed to provide reasonably available evidence to support his claim that he practiced Falun Gong in the United States, such as a statement from the person who taught him Falun Gong, or from anyone with whom he practiced Falun Gong, was reasonable, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009).

Given these findings, we conclude that the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk